IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALICE LYMAN, et al.** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | NO. 14-6235 |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                        **December 16, 2014**

      Alice and Thomas Lyman brought this action against three State Farm Insurance Companies alleging a claim for underinsured motorist benefits, a breach of contract claim, and a bad faith claim pursuant to 42 Pa.C.S.A. § 8371. The defendants have filed a motion to dismiss the bad faith claim. For the following reasons, I will deny the motion in its entirety.

**I. BACKGROUND**

      On July 16, 2008, Mrs. Lyman was involved in a car accident on East Chestnut Street in Lancaster City, when the car she was driving was struck by another car negligently driven by Dennis Wertz.[1]  Mrs. Lyman sustained physical injuries including, *inter alia*, neck pain, headaches, cervical nerve root irritation, cervical strain/sprain, myofacial pain syndrome, thoracic pain, headaches, dizziness, and aggravation of other physical conditions.

---

[1] The car Mrs. Lyman was driving was owned by Thomas Lyman, her husband and co-plaintiff.

At the time of the accident, the plaintiffs were insured by State Farm under two car insurance policies, with both providing underinsured motorist coverage with stacked policy limits aggregating to $200K per person, first party medical expense coverage in the amount of $25K, and loss of income of $1K a month/$5K aggregate. The plaintiffs were governed by the full tort option.

The third party liability claim against Mr. Wertz was settled on August 4, 2010. Mr. Wertz's car, however, was an underinsured motor vehicle. The total limits for bodily injury liability coverage of his insurance policy were less than the damages caused to the Lymans. Proof of these damages was provided to the defendants, and allegedly supported the Lymans' claim for underinsured motorist benefits, but State Farm denied the claim.

The complaint also indicates that on March 14, 2013, the defendants notified Mrs. Lyman that it would not pay for medical treatment after February 18, 2013, based on the medical examination of a chiropractor chosen by the defendants. Mrs. Lyman claims that that notice proves that the defendants were ignoring the necessity of palliative care to relieve her ongoing symptoms.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have

shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips, 515 F.3d at 234-235. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a

3

complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

### III.  DISCUSSION

In their motion, the defendants insist that the plaintiffs' bad faith claim, consisting of threadbare recitals supported by mere conclusory statements, should be dismissed for failure to state a valid claim under Pennsylvania's bad faith statute, 42 Pa.C.S.A. Section 8371, which provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2)  Award punitive damages against the insurer.
> (3)  Assess court costs and attorney fees against the insurer.

Although the term "bad faith" is not defined by the Pennsylvania bad faith statute, Pennsylvania courts have interpreted it as "any frivolous or unfounded refusal to pay proceeds of a policy." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994)).  Thus, to establish a claim for bad faith denial of insurance coverage in Pennsylvania, a plaintiff must show that: (1) the insurer did not have a reasonable basis for denying benefits under the policy; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Berg v. Nationwide Mut. Ins. Co., 44 A.3d 1164, 1171 (Pa. Super. 2012).  Mere negligence or bad judgment on the part of the insurer is insufficient to constitute bad faith. Terletsky, 649 A.2d at 688.  A recovery for

bad faith requires clear and convincing evidence of bad faith, rather than mere insinuation. MGA Insurance v. Bakos, 699 A.2d 751, 754 (Pa. Super. 1997). This clear and convincing standard requires that a plaintiff show that the evidence is so clear, direct, weighty, and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" J.C. Penney Life Ins. Co., 393 F.3d at 367.

Here, the defendants argue that the plaintiffs' bad faith allegations lack any factual support. They characterize the plaintiffs' complaint as involving a straightforward disagreement over the monetary amount of underinsured motorist benefits. The defendants further insist that there is nothing in the complaint that would suggest that the defendants acted in bad faith in denying the plaintiffs' claim, or that the defendants' position is unreasonable. Instead, the defendants argue, the plaintiffs merely assert bald, boilerplate allegations suggesting a bad faith claim with no supporting facts. I must disagree.

The defendants cite various court decisions in our circuit which have dismissed bad faith claims supported only by general, conclusory, boilerplate allegations. A review of the Lymans' complaint, however, reveals specific acts of bad faith which have been sufficiently pled for our purposes here. For example, the defendants asked Mrs. Lyman to undergo an evaluation by Melissa Kisla, D.C., a chiropractor of the defendants' choosing. See Compl. ¶ 30. After examining Mrs. Lyman, reviewing her medical records, diagnostic studies, and the police report of the accident, Dr. Kisla submitted a report of Mrs. Lyman's condition dated February 18, 2013, which the defendants

adopted. Id. at ¶¶ 30-31. In her report, Dr. Kisla opined that Mrs. Lyman's condition was caused by the accident in question; that her condition was not going to improve into the future and had reached the maximum level of improvement; and that further medical care for Mrs. Lyman was not warranted because it would not make her any better. Id. at ¶ 31. The complaint alleges that, notwithstanding the report's findings, Dr. Kisla and the defendants ignored Mrs. Lyman's need for palliative care, i.e., care administered to relieve pain as opposed to achieving a rehabilitative cure. Id.

The complaint further alleges that the defendants abused and/or violated the Peer Review process at 75 Pa.C.S.A. § 1797, by finding that medical treatment was not reasonable or necessary without following the procedures set forth in the statute. See Compl. ¶ 32.

The complaint also alleges that the defendants refused ongoing medical care for Mrs. Lyman, which prevented ongoing medical documentation and medical proof of her injuries admittedly caused by the accident, in order to frustrate and/or limit her claim for underinsured motorist benefits. Id. at ¶ 33.

These factual averments in the complaint, when accepted as true for the purposes of this motion, support the allegation that the defendants knew of their lack of a reasonable basis to deny medical treatment and to deny underinsured motorist benefits.

Additionally, the complaint alleges that while the defendants refused to change their position on the denial of benefits, they shifted their reasons for denying them. In stark contradiction to their adoption of Dr. Kisla's findings, the defendants suddenly denied that the ongoing care was related to the injuries caused by the accident in

question.  The plaintiffs argue that the defendants made this shift in order to deny medical care to Mrs. Lyman, and to eliminate their exposure for underinsured motorist benefits.  By subsequently changing their position and asserting that Mrs. Lyman's ongoing medical condition was not caused by the accident, a position contrary to the medical conclusions and determinations of their own chiropractor, the defendants give credence to the plaintiffs' allegation that the defendants knowingly denied underinsured motorist benefits without a reasonable basis.

In conclusion, for our purposes at this stage of the litigation, the plaintiffs have sufficiently pleaded a cause of action for bad faith.  Unlike the cases cited by the defendants, the plaintiffs have not relied on bald, boilerplate allegations suggesting bad faith with no supporting facts.  A reading of the complaint reveals enough factual allegations of the defendants' frivolous or unfounded refusal to pay proceeds of an insurance policy.  There are sufficient allegations that the defendants did not have a reasonable basis for denying benefits under the policy, and that they knew or recklessly disregarded their lack of a reasonable basis in denying the claim.  Accordingly, I will deny the motion to dismiss without prejudice, and allow the case to proceed through discovery.

An appropriate Order follows.